[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-8932
Non-Argument Calendar
_____

D. C. Docket No. 1:94-CV-2850-WCO

RAYMOND B. JACOBS,

Plaintiff-Appellant,

versus

AGENCY RENT-A-CAR, INC., and
AGENCY AUTO SALES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 16, 1998)**

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Following an adverse jury verdict, Appellant Raymond Jacobs appeals the trial judge's refusal to permit him to amend the pretrial order to add an additional witness. After a review of Appellant's contentions and the record in this case, we hold that the district court did not abuse its discretion and affirm.

## I. BACKGROUND

At the age of 62, Appellant Raymond Jacobs was hired by Agency Rent-A-Car (Agency) to work in retail sales. Appellant was placed in the position of Regional Car Sales Manager and was responsible for the retail sales lots in his region. At the time he was hired in March 1992, Appellant reported to the National Retail Sales Manager, Tom Ciresa.

Appellant presented evidence at trial that, in the late fall of 1992, Agency's Vice President, Kelly Reagan, instructed Ciresa to fire Appellant. The reason given by Reagan was that Agency's President and Chairman, Sam Frankino, did not like the way Appellant looked because he was too old. Ciresa refused to fire Appellant.

In late 1992, Agency embarked on a reorganization plan. Under that plan, Gary Mooney, a personal friend of Chairman Frankino, was put in the new position of National Vehicle Sales Director. Appellant was promoted to become one of two Regional Directors and Cisera was demoted to fill the other Regional Director position. Cisera and Appellant reported to Mooney. Mooney, in turn, reported to Reagan.

In his new position, Appellant was in charge of all used rental vehicle retail sales in the eastern half of the country. Appellant maintained his home office at the Tucker, Georgia, lot and spent about half of his time there.

2

Around January 19, 1993, Mooney made an announced visit to the Tucker lot. While there, Mooney made the following observations: (1) Appellant was neglecting his responsibility of supervising the operations at the Tucker lot; (2) the vehicles on the lot were dirty — some even had cigarette butts in the ashtrays; (3) employees at the lot were not following safety precautions to protect the cars; (4) some cars were unlocked and some had keys in the ignitions; (5) a radio had been stolen from one vehicle without forced entry; (6) the sales office was dirty, smoky, and disorganized; (7) a car had been damaged by rainwater dripping through a windshield; and (8) the inventory records were a mess.

At the time of the visit to the Tucker lot, Mooney had begun to plan a further reorganization of Agency which would lead to elimination of the entire used rental vehicle retail program. On about January 28, 1993, Mooney returned to the Tucker lot and met with Appellant. He informed Appellant that his position was being eliminated and that he was being terminated due to poor job performance.

On April 14, 1993, Appellant filed his charge of age discrimination with the EEOC. He filed this lawsuit on October 26, 1994. On June 19, 1995, just after the close of discovery, Agency filed a motion for summary judgment. The trial court granted that motion and Appellant appealed. On December 30, 1996, this Court reversed and remanded the case for further proceedings.

On April 10, 1997, the parties went to mediation. During mediation, Appellant, for the first time, mentioned a witness who would testify that Mooney made a statement about Appellant's age on the day he fired Appellant. Appellant's counsel identified the witness as J.W. Lewis. Lewis worked as a porter at the Tucker lot during the time Appellant worked there.

The parties submitted a proposed pretrial order on April 17, 1997. The case was set for trial on May 5, 1997. In the pretrial order, Appellant attempted to add J.W. Lewis to the list of witnesses. Agency objected, claiming that the addition of a previously unidentified witness was untimely and prejudicial to the defense. The trial judge agreed and sustained Agency's objection at the pretrial conference on April 28, 1997.

The trial was subsequently continued from May 5, 1997 to June 10, 1997 and then again from June 10 to July 14, 1997. On June 17, 1997, Appellant filed an emergency motion in which he sought leave to amend the pretrial order. On that same day, Appellant served amended responses to Agency's first set of interrogatories and listed Lewis as a witness.

On July 3, 1997, the trial court denied Appellant's motion. The trial court found that the addition of the witness would significantly alter the theories and strategies in the case and would necessitate reopening discovery and postponing the

4

trial. The trial court noted that Appellant's theory to that point had been that Frankino and Reagan wanted him out of the company because of his age and that Mooney had merely been following orders. The trial court found that the addition of a witness willing to testify that Mooney made comments about Appellant's age could shift the focus of Appellant's case to include a claim of direct discriminatory intent on the part of Mooney. Such a shift would change the framework, the inquiry as to whether Appellant satisfied his burden of proof, as well as the strategies of the parties. The court felt that such a change on the eve of trial was unfair to Agency and would interfere with the court's schedule. Further, the district court found that no manifest injustice would result from the exclusion of the witness. The court concluded that Lewis's testimony was not critical to Appellant's case because Appellant had demonstrated a prima facie case of discrimination. Finally, the court determined that Appellant's failure to mention Lewis until the eve of trial was due to Appellant's insufficient discovery response rather than simple mistake or inadvertence.

## II. DISCUSSION

We have previously stated that "we ascribe to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v.*

*United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).[1] "[F]or pretrial procedures to continue as viable mechanisms of court efficiency, appellate courts must exercise minimal interference with trial court discretion in matters such as the modification of its orders." *Id.* More recently, we noted that "[t]here is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court." *United States v. Varner*, 13 F.3d 1503, 1507-08 (11th Cir. 1994). If amendment of the pretrial order would result in substantial injustice to the opposing party or inconvenience to the court, the order should be amended only to avoid manifest injustice. *Id.* at 1508.

Appellant argues that the trial court should have granted his emergency motion once the trial date was delayed. He asserts that no new discovery would have been necessary and the trial could have started on schedule.

We hold that the trial court did not abuse its discretion. Discovery closed on May 31, 1995. It was not until two years later that Appellant first told Agency that Lewis would testify about Mooney's comments concerning Appellant's age. Agency filed its motion for summary judgment soon after the conclusion of

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

discovery, relying on Appellant's representation that his theory of discrimination turned on indirect evidence. With the case in that posture, the district court granted summary judgment in favor of Agency. Appellant appealed and this Court reversed and remanded the case for trial on December 30, 1996. It was not until four months later that Appellant even suggested that his case would include direct evidence that Mooney was motivated by discriminatory animus. Lewis was not a difficult witness to find; he worked for Agency at the Tucker lot during Appellant's period of employment. Although Appellant argues that no new discovery would be necessary, his opponent might not share that view given the fact that the addition of this witness might change the entire focus of the trial. The district court reasonably concluded that the addition of Lewis as a witness less than one month before trial would significantly prejudice Agency and would inconvenience the court. Moreover, the record supports the trial court's conclusion that no manifest injustice would result from denial of Appellant's motion to amend.

## III. CONCLUSION

Upon review of the parties' arguments and the record, we hold that the district court did not abuse its discretion by denying Appellant's motion to amend the pretrial order.

AFFIRMED.